# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MISAEL JAIME MARTINEZ MARTINEZ,

Petitioner,

v.

TEDD HUDSON, et al.,

Respondents.

Case No.  1:26-cv-04640-KES-SAB-HC

ORDER DENYING MARTI L. JONES' *PRO HAC VICE* APPLICATION

(ECF No. 2)

On June 16, 2026, the Court received the application of Marti L. Jones, attorney for Petitioner, for admission to practice *pro hac vice*. (ECF No. 2.) On June 24, 2026, the Court ordered Attorney Jones to show cause why the application should not be denied. (ECF No. 6.) On June 30, 2026, a response to the order to show cause was filed. (ECF No. 7.)

Rule 180(b)(2) of the Local Rules of Practice of the United States District Court for this District ("Local Rules" or "L.R.") provides in pertinent part:

> **Attorneys Pro Hac Vice.** An attorney who is a member in good standing of, and eligible to practice before, the Bar of any United States Court or of the highest Court of any State, or of any Territory or Insular Possession of the United States, and who has been retained to appear in this Court may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case. Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice pursuant to (b)(2) if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

L.R. 180(b)(2).

1

Here, Attorney Jones lists eleven other cases in which she has made an application to be admitted to practice *pro hac vice* in this District in the past three months.[1] (ECF No. 2 at 3.) In the response to the order to show cause, Attorney Jones states that "[w]hile our clients are initially detained in Utah, they are rapidly transferred out-of-state, because Utah does not have a long-term detention facility under contract with ICE" and "[p]rior to the national change in detention policy introduced by DHS and DOJ in 2025, neither counsel nor her colleagues had any need to appear in any court in California, other than the immigration courts, because nearly all our clients qualified—and got—bond hearings and bonds." (ECF No. 7 at 3.) Attorney Jones argues:

> For the above reasons, counsel undersigned respectfully asserts that while an excessively literal interpretation of "regularly engaged in professional activities in California" could be understood to include the number of cases she is presently litigating in the Eastern, Central, and Southern Districts of California, the more fair interpretation is that she is not, in actual fact, engaged in professional activities in California, based on the facts that Counsel resides in Utah and is employed in Utah by Utah resident clients, but that she is being forced to litigate habeas corpus petitions outside the state of Utah due solely to the unasked for and un-sought circumstances that the otherwise Utah resident immigrant clients represented by Stowell Crayk are being moved by the U.S. Department of Homeland Security to ICE-contracted detention centers outside of Utah, ***and because relatively new government policies now require nearly all immigrant detainees to seek a Writ of Habeas Corpus simply in order to obtain a bond hearing with the immigration court, or other redress for their unlawful detentions.***

(ECF No. 7 at 5 (emphasis in original).)

The Supreme Court has described *pro hac vice* attorneys as one time or occasional practitioners. <u>Frazier v. Heebe</u>, 482 U.S. 641, 647 (1987). The right to appear *pro hac vice* is not absolute and a court may deny the application by setting forth reasons for the denial. <u>United States v. Ries</u>, 100 F.3d 1469, 1471–72 (9th Cir. 1996). In addressing whether an attorney has been regularly practicing in California, the Ninth Circuit has considered whether the attorney physically appeared before the district court, signed pleadings, and had contact with the plaintiffs, whether an attorney licensed in California remained the sole attorney responsible to

///

---

[1] The applications were granted in nine of the eleven cases. One application is still pending, and one application was neither granted nor denied before the case was closed. (ECF No. 2 at 3.)

2

the plaintiff, and whether the attorney rendered legal advice to the client. Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 825 (9th Cir. 2009).

Here, Attorney Jones states:

Counsel undersigned is the firm's most experienced attorney in federal court civil practice. As such, she has the final review responsibility for the firm's federal court filings.

While other firm attorneys are involved in drafting, and the firm's managing partner, Mr. Crayk argues nearly all the firm's habeas cases when oral argument is required, counsel undersigned personally reviews every petition and every brief before they are filed.

While Stowell Crayk could involve other firm attorneys in the habeas pro hac vice practice, to this point we have chosen not to take that step.

In part that choice is due to the concurrent demands on our legal staff for general representation in immigration court (both for detained and non-detained clients).

It is also due in part to the fact that most of these cases are being decided without argument, on the documents, and I (Ms. Jones) am the firm's most experienced attorney at written pleadings.

Finally, the last factor is that the firm's in-house coordination and case management is aided by limiting the number of attorney Pacer accounts needing (and seeking access) to the multiple Federal District Courts where the firm is presently litigating habeas petitions.

(ECF No. 7 at 4–5 (paragraph numbering omitted).)

Based on the above, it appears that Attorney Jones has signed pleadings, had contact with clients, rendered legal advice to clients, and an attorney licensed in California is not the sole attorney responsible to clients. Accordingly, while the Court is extremely mindful of the nature of these cases and its drastic increase to district courts across the country, the Court finds that Attorney Jones is regularly engaged in professional activities in California.

"Federal courts have long had the authority to 'establish criteria for admitting lawyers to argue before them.'" In re Bundy, 840 F.3d 1034, 1042 (9th Cir. 2016) (quoting United States v. Gonzalez–Lopez, 548 U.S. 140, 151 (2006)). Local Rule 180(b)(2) sets forth the *pro hac vice* admission criteria based on this District's policy. Unless and until this District creates an exception to or otherwise amends Local Rule 180(b)(2) based on the unprecedented number of habeas corpus petitions being filed as a result of the government's immigration detention policy changes, the Court finds that Attorney Jones is regularly engaged in professional activities in

California and thus, she is not eligible to practice pursuant to Local Rule 180(b)(2).

Based on the foregoing, the Court HEREBY ORDERS that the application of Marti L. Jones, attorney for Petitioner, for admission to practice *pro hac vice* (ECF No. 2) is DENIED.

IT IS SO ORDERED.

Dated:   **July 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge