# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL JAIME MARTINEZ MARTINEZ,<br>Petitioner,<br>v.<br>TEDD HUDSON, et al.,<br>Respondents. | Case No. 1:26-cv-04640-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection in approximately 2020. Petitioner was not apprehended at or near the border at the time of entry and has been continuously present in the United States since his entry. (ECF No. 1 at 9.[1]) On May 6, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officers while he was on his way to work. (ECF No. 1-3 at 3.) Petitioner is currently detained at the Mesa Verde Detention Center. (ECF No. 1 at 6.)

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On June 16, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention. (ECF No. 1.) On July 7, 2026, Respondents filed an answer. (ECF No. 8.)

## II.

## DISCUSSION

Respondents argue that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)," is "ineligible for a bond hearing," and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 8 at 2–3.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

"Respondents acknowledge the cases to the contrary in this District." (ECF No. 8 at 3.) As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends finding that Petitioner is not detained pursuant to U.S.C. § 1225(b) and is entitled to a § 1226(a) bond hearing[2] given that Petitioner was arrested pursuant to an administrative warrant.[3] (ECF No. 8-3.) See J.A.C.P., 2025 WL 3013328, at *8; Alvarez-Gonzalez v. Bondi, No. 1:26-CV-02188-KES-SAB (HC), 2026 WL 1234219 (E.D. Cal. May 4, 2026); Sanchez v. Warden of the Mesa Verde Det. Facility, No. 1:26-CV-02418-KES-EPG (HC), 2026 WL 1148417 (E.D. Cal. Apr. 28, 2026).

---

[2] Petitioner requests the Court to "[o]rder Respondents to provide Petitioner with an individualized bond hearing before an immigration judge within seven (7) days of this Court's order, at which hearing Respondents shall bear the burden of demonstrating by clear and convincing evidence that continued detention is justified." (ECF No. 1 at 28.) In cases where this Court has ordered a bond hearing at which the government bears the clear and convincing evidence burden, it is due to the petitioner's prior release from immigration custody and re-detention. "[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025). Here, however, Petitioner was never previously released from immigration custody, and at a bond hearing pursuant to 8 U.S.C. § 1226(a) "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" Hernandez v. Sessions, 872 F.3d 976, 982 (9th Cir. 2017) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

[3] In light of this conclusion, the Court declines to address Petitioner's other claims.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count I;
2. Respondents be enjoined and restrained from continuing to detain Petitioner pursuant to 8 U.S.C. § 1225(b); and
3. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge